IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Karen G. Scott, | ) | Civil Action No. 9:12-03228-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Eric Holder, Attorney General, | ) | |
| Department of Justice, Federal | ) | |
| Bureau of Prisons, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 9, 2012, Karen G. Scott (the "plaintiff"), an employee of the Bureau of Prisons, filed this pro se employment discrimination action against the defendant, Eric Holder. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). On December 12, 2012, the magistrate judge issued an order giving the plaintiff twenty-one days to bring the case into proper form. The magistrate judge's order specifically advised the method by which the plaintiff should do so, and warned the plaintiff that if the case was not brought into proper form by the deadline, the case could be dismissed for failure to prosecute and failure to comply with the Court's order. (ECF No. 6).

The plaintiff failed to bring the case into proper form by the deadline. Accordingly, on February 6, 2013, the magistrate judge issued an R&R recommending that the action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and for failure to comply with the Court's order. At the conclusion of the R&R,



the magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections to the R&R, and the serious consequences if she failed to do so. The plaintiff has filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. The plaintiff has failed to comply with the Court's order to bring the case into proper form, and it appears that she no longer wishes to prosecute this action. Therefore, the Court adopts and incorporates the R&R



(ECF No. 11) by reference in this Order, and dismisses the plaintiff's action, with prejudice, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff's motion to proceed in forma pauperis (ECF No. 2) is moot.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

February 28, 2013
Charleston, South Carolina